IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRETT L. ELIASON, KYLIE M. ELIASON, BRITTNIE L. ELIASON, and VERONIQUE ELIASON,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SCHEDULE PRELIMINARY INJUNCTION HEARING<br><br>Case No. 1:20-cv-024-RJS<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Chief Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.) Pending before the court is Plaintiffs' Motion to Schedule a Preliminary Injunction Hearing. (ECF No. 18.) Finding no basis for Plaintiffs' motion, the court will deny it as set forth below.

Pro se Plaintiffs Brett Eliason, Kylie Eliason, Brittnie Eliason, and Veronique Eliason filed this action on February 26, 2020, against Defendants The Corporation of the President of the Church of Jesus Christ of Latter-day Saints, the Kirton McConkie law firm, and over fifty other individuals. (ECF No. 1.) Plaintiffs assertions include that Defendants have defrauded them by cutting them off from the Joyce S. Eliason Trust. (ECF No. 2 p. 1-7.) Previously, Chief Judge Shelby denied Plaintiffs' Motion for Ex Parte Hearing. (ECF No. 7.) Among the reasons for denying Plaintiffs' prior motion was a failure by Plaintiffs to comply with the Federal Rules of Civil Procedure and the District of Utah's local rules. (ECF No. 7 p. 2.) Local Rule 7-1(a)(1) provides that a motion must include the following:

(A) an initial separate section stating succinctly the precise relief sought and the specific grounds for the motion; and

(B) one or more additional sections including a recitation of relevant facts, supporting authority, and argument.

The court stated "Plaintiffs' Motion does not state the precise relief sought, the specific grounds for the motion, or provide any supporting authority. Although Plaintiffs recite in the Motion a litany of grievances against various Defendants, the court is unable to decipher what relief Plaintiffs seek." ([ECF No. 7](#) p. 2.)

Even under the liberal construction given Plaintiffs' *pro se* Motion for a Preliminary Injunction Hearing, the court finds it suffers from the same problems. Once again, it contains a large litany of grievances against various Defendants. For example, "Plaintiff's attempts to find relief through the Law Office of Kirton McConkie have resulted in unprecedented hostile actions which have been ongoing for almost seven years", ([ECF No. 18](#) p. 5.) and "Kirton McConkie is merely 'Road Kill' at this juncture since they do not even have one single document that provides them a defense for being the 'Hell's Angels' dressed like Lord's Lawyers to which I say 'Hell No am I going to let you boys get away with 'Estate Planning Murder.'" ([ECF No. 18](#) p. 11.) There are, however, no citations to any supporting authority and no specific grounds warranting the holding of a hearing.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A plaintiff is eligible for a preliminary injunction only if it establishes the following four factors: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the

injunction is not adverse to the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir.2009); *Salt Lake Tribune Publishing Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1099 (10th Cir.2003). The right to relief in a preliminary injunction must be "clear and unequivocal because a preliminary injunction is an extraordinary remedy." *AT & T Corp.*, 320 F.3d at 1081 (citation omitted).

Here there is nothing clear and unequivocal in Plaintiffs' motion that warrants a Preliminary Injunction or the need to hold such a hearing. Accordingly, Plaintiffs' Motion is DENIED.

DATED this 30 March 2020.

_____
Dustin B. Pead
United States Magistrate Judge