IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRETT L. ELIASON, KYLIE M. ELIASON, BRITTNIE L. ELIASON, and VERONIQUE ELIASON, | MEMORANDUM DECISION AND ORDER RESTRICTING FILINGS BY PLAINTIFFS |
| Plaintiffs, <br> v. | Case No. 1:20-cv-024-RJS <br><br> Chief District Judge Robert J. Shelby |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al., | Magistrate Judge Dustin B. Pead |
| Defendants. | |

This matter is referred to the undersigned from Chief Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.)[1] The Supreme Court has provided that district courts possess inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co*., 370 U.S. 626, 630–31 (1962). "The exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice and cannot be contrary to any express grant of, or limitation on, the district court's power contained in a rule or statute." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1888 (2016) (quoting *Degen v. United States*, 517 U.S. 820, 823-824 (1996)).

On May 12, 2020, the court granted Defendants request for leave to file an overlength motion to dismiss. (ECF No. 41.) As part of that order, the court directed Plaintiffs to file any opposition to the motion on or before June 19, 2020, affording Plaintiffs additional time to file

---

[1] The case was initially referred under 28 U.S.C. § 636(b)(1)(A). On March 24, 2020, the referral was modified to one under 28 U.S.C. § 363(b)(1)(B).

any relevant opposition due to their *pro se* status. Since that time Plaintiffs have filed 3 motions

including a motion titled

> MOTION FOR SUMMARY JUDGEMENT AGAINST THE DEFENDANTS
> AND TO COMPEL THE CITIZENS OF THE UNITED STATES OF AMERICA
> TO BEHOLD THE MOST CORRUPT GROUP OF FELONS IN THE
> HISTORY OF MANKIND WHO ARE SITTING IN POSITIONS OF POWER
> AND TRUST IN THE UPPER ESCHELONS [sic] OF BOTH CHURCH AND
> STATE AND WHO IN REALITY CONSIDER THEMSELVES MEMBERS OF
> THE WORLD ELITE AND PROPONENTS OF THE NEW WORLD ORDER
> CONSISTING OF BROTHELS AND WHORES FROM THE NEW WORLD
> ORDER OF SATANIC "ILLUMINATED" SOCIETIES WHICH IS USING
> SECRET HOLOGRAPHIC TECHNOLOGY AND PROMISES OF A UTOPIAN
> SOCIETY TO DECEIVE HUMANITY INTO BELIEVING THE "PURE
> TRUTH" BEHIND WHAT "LIES BENEATH" THE FAÇADE OF THEIR
> ALIEN AGENDA CREATED BY FILTHY EVIL SOULS WHOSE GOAL IS
> TO EXTEND THE WISHES OF HERR HITLER AND HERR HIMLER BY
> REDUCING WORLD POPULATION BY 95% THROUGH MAN-MADE
> VIRUSES, POISONED WATER, CHEM TRAILS, AND INTENTIONAL
> ASSAULTS BY THE UNITED NATIONS AND ONE WORLD
> GOVERNEMNT [sic] AND RELIGION WHICH BLAMES TERRORISTS,
> VIRUSES, AND ALIENS FOR THEIR INTENTIONAL ASSAULTS AGAINST
> 6 BILLION MEMBERS OF HUMANITY. THEY ARE NOW GUILTY OF
> CAPITAL TREASON AND CAPITAL MURDER SINCE THE ONE NATION
> UNDER GOD WHICH ENSURES THE BLESSINGS OF LIBERTY TO
> OURSELVES AND OUR POSTERITY STILL STANDS WITH PRESIDENT
> DONALD TRUMP AS THE COMMANDER IN CHIEF REPRESENTING THE
> GOD AND COUNTRY THEY BETRAY.

(ECF No. 42.) And another motion characterized as a "FOURTH MOTION FOR SUMMARY

JUDGEMENT AGAINST THE [Defendants]", "MOTION TO COMPEL SOCIETY TO

QUESTION THE CONTENTS OF [Certain] MEMOIRS" and "MOTION TO RECOGNIZE

THE WONDERFUL LUCK OF THE VICTIMS WHO ALREADY HAVE THE

DEFENDANTS IN CHECKMATE AND TO THEN DISCOVER THAT THEY ARE IN FACT

EXPOSED IN SAID MEMOIRS." (ECF No. 43.)

These filings by Plaintiffs have caused opposing parties and the court to needlessly

expend resources in this case. Therefore, pursuant to the court's inherent power to manage the

cases before it, the court will not entertain any further motions from Plaintiffs until the court

rules on the pending motions to dismiss filed by Defendants. *See Overton v. United States*, 48

Fed.Appx. 295, 302 (10th Cir.2002) (noting courts have "inherent power to regulate the activities

of … litigants by imposing carefully tailored restrictions under the appropriate circumstances");

*Judd v. Univ. of N.M.*, 204 F.3d 1041, 1043–445 (10th Cir.2000) (outlining the filings that

warranted certain restrictions); *Brumfiel v. U.S. Bank*, No. 2015 WL 1906106, at *1 (D. Colo.

Apr. 24, 2015) (ordering that the court "will not entertain any further motions from Plaintiff

seeking post-judgment relief"). The court finds this is a reasonable response to the problems and

needs in this case and promotes the court's fair administration of justice. *See Dietz,* 136 S. Ct. at

1888.

       Plaintiffs may file an opposition to the motions to dismiss that is appropriately titled.

Additional motions, however, filed by Plaintiffs will not be entertained by the court. Plaintiff is

prohibited from filing any further motions until the court rules on the pending motions to

dismiss. Any additional motions will be lodged by the court on the docket as a filing, but will not

be considered or docketed as a motion.

       IT IS SO ORDERED.


       DATED this 26 May 2020.


_____
Dustin B. Pead
United States Magistrate Judge

3