IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRETT L. ELIASON, KYLIE M. ELIASON, BRITTNIE L. ELIASON, and VERONIQUE ELIASON, <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al., <br><br> Defendants. | REPORT AND RECOMMENDATION <br><br> Case No. 1:20-cv-024-RJS <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from Chief Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.)[1] This matter is before the court on Motions to Dismiss filed by Defendants R. David Bishop (ECF No. 30.) and the Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the Church) and Dallin H. Oaks (collectively Church Defendants). (ECF No. 36.) In addition, there are multiple motions filed by Plaintiffs who are acting *pro se*, with the motions being filed by Brett L. Eliason, who appears to be acting on behalf of all Plaintiffs. These motions include *inter alia*, multiple motions for summary judgment (ECF No. 34.), (ECF No. 42.), and (ECF No. 43.) and quite a few motions to compel. (ECF No. 9.), (ECF No. 23.), (ECF No. 38.), and (ECF No. 40.) The motions to compel are addressed in a separate order.

---

[1] The case was initially referred under 28 U.S.C. § 636(b)(1)(A). On March 24, 2020, the referral was modified to one under 28 U.S.C. § 363(b)(1)(B).

For the reasons explained below, the undersigned recommends that the motions to dismiss be granted and the motions for summary judgment be denied. In the alternative, Plaintiffs are given an opportunity to amend their Complaint.[2]

## BACKGROUND

Plaintiffs, who are proceeding *pro se*, filed this matter on February 26, 2020, and then filed an Amended Complaint on February 28, 2020.[3] (ECF No. 2.) Plaintiffs bring this case against at least 125 individuals. In subsequent filings, such as Plaintiffs' "Memorandum and Adjoinder of the Following Defendants", (ECF No. 17.), Plaintiffs state they add to the list of Defendants. The list of putative Defendants has increased over the course of this case although the vast majority of newly named Defendants have never been served.

Plaintiffs' Amended Complaint is approximately 250 pages long and is comprised of 45 causes of action. These include causes of action such as fraudulent misrepresentation, conspiracy to commit embezzlement, breach of various fiduciary duties, "extortion or bribery to dismiss a criminal proceeding", tortious interference with business relationships, a variety of criminal responsibility claims, theft by deception, larceny, communications fraud, alienation of affection, and a whole cadre of conspiracy claims. Plaintiffs seek over 126 billion dollars in damages, (ECF No. 2 p. 255), and also seek a variety of nonmonetary injunctive relief. This includes relief such as "The Defendants are to be required to remove all of the video surveillance and key pads which have been installed on the home of Max D Eliason which were intended to keep Plaintiff away from his father so as to eliminate his ability to act on behalf and for the best interest and

---

[2] The court is not requiring Defendants to refile motions to dismiss. The Defendants may renew their motions after Plaintiffs file their Amended Complaint or may add to their motions if necessary.

[3] The court construes a pro se litigant's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

well-being of his father." *Id.* p. 248. And, that the "FBI be contacted to review the allegations of Wire Fraud (Federal Offense) within the Eliason 2016 Trust wherein $722K was wired via two separate incidents in 2018 alone to pay income taxes on stolen properties for undisclosed recipients." *Id.* p. 249.

Plaintiffs' Amended Complaint fails to adhere to Rule 8's pleading requirement of a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet, pro se litigants are often given a reasonable opportunity to remedy defects in their pleadings. *See Dopp v. Loring*, 54 F. App'x 296, 298, 2002 WL 31839852, at *2 (10th Cir. 2002); *Hall*, 935 F.2d 1106, 1110 n. 3. Here, the court will permit such an amendment in the alternative to the recommended dismissal. So the violation of Rule 8 may become moot. Plaintiffs are to comply with Rule 8's requirements with the filing of any amended complaint.

It is difficult to distill Plaintiffs' allegations into a simple section of background facts. Though there are some core facts at the heart of this dispute that provide perspective. The Complaint centers on the estates of Max and Joyce Eliason who sought assistance from Kirton McConkie to form an estate plan. Plaintiff Brett Eliason is their son and some of the other Plaintiffs are heirs and/or beneficiaries to the estate and trusts of Joyce Eliason, who is deceased, and Max Eliason. After the initial estate documents were created amendments to the estate plan were subsequently prepared and executed. Plaintiffs challenge the efficacy or interpretation of these amended documents. They are at odds with family members including the appointment of Lisa Stephens as the successor trustee, and Lisa and Mark Eliason, who were appointed as limited co-guardians and full conservators for Max Eliason.

The Tenth Circuit has provided that this court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record. *See Van Woudenberg*

*v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). "Further, it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp*., 605 F.2d 1169, 1172 (10th Cir. 1979). The Church Defendants ask the court to take judicial notice of the probate case captioned *In the matter of Joyce Stillman Eliason*, Civil No. 183901323 (the probate action); the conservatorship and guardianship case captions *In the matter of Max Dean Eliason*, Civil No. 193900932 (the Conservatorship and Guardianship Action); and the civil lawsuit titled *Eliason v. Kirton McConkie*, *et al.*, Civil No. 190901906 (the State Court Action). The court takes judicial notice of those proceedings.

Of interest here are the State Court rulings granting the defendants' motion to dismiss and granting the defendants' motion to strike Mr. Eliason's improper filing. Defendants attach these decisions to their motion. (ECF No. 36-7, ECF No. 36-6.) Specifically, the State Court detailed the following in its decision to dismiss, which provides some context for the current dispute between Mr. Eliason and Defendants.

> A review of the Utah Court database reveals Plaintiff [Brett Eliason] has been named as a party in approximately twenty cases. Such extensive experience with the court system precludes affording Plaintiff any special leniency based on his pro se status. Accordingly, the Court will hold Plaintiff to the same standard of knowledge and practice as any qualified member of the bar and declines to excuse any procedural shortcomings in the papers Plaintiff has filed in this case. (ECF No. 36-7 p. 3.)

> [Mr. Eliason] is not licensed as an attorney at law and therefore may not assert claims on behalf of other parties. *Id.* p. 4.

> Finally, the Memorandum in Opposition to the Motion to Dismiss is replete with immaterial, impertinent, and scandalous matters. *Id.*

Plaintiff, Mr. Eliason, has adopted a similar approach in this case. Mr. Eliason's filings in this case are also replete with "immaterial, impertinent, and scandalous matters." Examples of such matters include:

> The most troubling fact of this entire situation is not that a vengeful and greedy brother-in-law was able to "buy" the loyalty of a Sr Partner of Kirton and McConkie and embezzle the estates of Max and Joyce Eliason; the real troubling evil lies within the level of conspiracy and corruption which has been exposed by Plaintiff since his mother passed away on May 21st, 2018. (ECF No. 2 p. 3.)

> Rather than making one effort of "good faith" which one would expect from the "Lawyers of Jesus Christ Himself"; the attorneys which were anointed and who blessed by Dallin H Oaks have reacted as "The Hell's Angels" in directing financial and emotional assaults on both Max D Eliason and his youngest son and Plaintiff; Brett L Eliason. (ECF No. 2 p. 5.)

> Plaintiff is requesting the "Ex-Parte Injunction Hearing" because he knows his father is being "protected" by the same siblings who coordinated an illegal dosage of morphine to be administered to his mother Joyce S Eliason three days before they had her sign an undisclosed "Second Amendment to the Joyce S Eliason Trust" dated April 17th, 2018. (ECF No. 2 p. 5.)

> It is repulsive, horrifying, ungodly, and more precisely wicked and evil that describes the nearly seven years which have passed wherein Craig McCullough and Kirton McConkie have knowingly been participating in the raping and pillaging the Estates of Max and Joyce Eliason which have illegally been distributed to unknown sources while Max D Eliason is still alive. (ECF No. 2 p. 7.)

Also similar to the State Court proceedings, Plaintiffs here, which the court again notes appears to be primarily Mr. Eliason, have failed to directly address Defendants' motions. Instead, Plaintiffs complain about presumed wrongdoings even imploring President Trump to "take whatever steps are necessary to expose and prosecute the extensive web of corruption within the United States Department of Justice which WILL lead to the undermining of the United States Constitution if it continues to go unchecked by the Executive and Legislative Branches of Government via its powers of 'Checks and Balances'." (ECF No. 39 p. 21.)

A close reading of the Complaint in this action and the claims brought in the State Court Action by Mr. Eliason demonstrate that they are basically identical on many fronts. In sum, it appears Mr. Eliason is making this litigation forum a mechanism to try and disparage, defame, and degrade anyone who somehow putatively wronged him. With this backdrop the court turns to the motions.

### Legal Standards

In deciding a motion to dismiss the court must determine whether the factual allegations made in the Complaint, if true, would entitle a plaintiff to a legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109, (10th Cir. 1991). A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972). "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail,

it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

## DISCUSSION

### I.      The Church Defendants' Motion to Dismiss

The Church Defendants assert three separate and independent grounds, arguing each one warrants dismissal of the Complaint with prejudice: 1) This court lacks jurisdiction to hear Plaintiffs' claims because there is no federal question or diversity jurisdiction; 2) The claims asserted here could have or should have been brought in the State Court action and are therefore barred by res judicata or claim preclusion; and 3) Each and every cause of action fails to state a claim for relief for many reasons.

#### (i)      Jurisdiction

It is well settled that federal courts are courts of limited jurisdiction and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Based upon this principle, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction," *Id.* (internal citations omitted). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Sac & Fox Nation of Oklahoma v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) (quoting Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2nd Cir. 1998)).

Plaintiffs' Amended Complaint provides that "Jurisdiction and Venue are proper for this Court pursuant to US Code U.S.C. § 1983." (ECF No. 2 p. 38.) Additionally, it appears Plaintiffs

seek to bring a Racketeer Influenced and Corrupt Organizations Act (RICO) claim in the "Memorandum and Adjoinder of the Following Defendants" filed in March 2020. (ECF No. 17.) Generally, the Tenth Circuit has declined to construe an additional pleading as an amendment of a prior complaint. *See Sac & Fox Nation of Oklahoma,* 193 F.3d at 1167 ("We decline to construe plaintiffs' appellate brief as an amendment of their complaint."). Yet, under the liberal rules of pleading given to pro se parties, "pleadings may be amended, including on appeal, to cure defective allegations of jurisdiction." *Id.* Plaintiffs do not mention RICO in their Amended Complaint. But, under the broad construction given to pro se pleadings, the court will consider RICO as a possible basis for jurisdiction.

The generous construction afforded to pro se pleadings though is not without limits and the court must avoid becoming the plaintiff's advocate. *See, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir.2009). The court relies on "the plaintiff's statement of his own cause of action …." *Turgeau v. Admin. Review Bd*., 446 F.3d 1052, 1060 (10th Cir. 2006) (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir.1996)) (internal quotation marks omitted). Thus, this court "may not rewrite a [complaint] to include claims that were never presented." *Firstenberg v. City of Santa Fe, N.M*., 696 F.3d 1018, 1024 (10th Cir. 2012) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999)) (internal quotation marks omitted).

The court agrees with the Church Defendants that there is no diversity jurisdiction here because complete diversity is lacking among the Plaintiffs and Defendants. *See Dutcher v. Matheson*, 733 F.3d 980, 897 (10th Cir. 2013). "For a case to arise under federal law within the meaning of § 1331 [Federal Question Jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law.'" *Firstenberg*, 696 F.3d at 1023 (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)). The court considers Plaintiffs claims that 42 U.S.C. § 1983 establishes jurisdiction or that it is conferred by RICO.

Under 42 U.S.C. § 1983, Plaintiffs must establish "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia." *Summum v. City of Ogden,* 297 F.3d 995, 1000, 2002 WL 1609753 (10th Cir. 2002). Even under a broad reading of Plaintiffs' Amended Complaint, it lacks any reference to a violation of a right protected by the federal Constitution or a federal statute or regulation. And, there is no assertion that any Defendants acted under color of any statute, ordinance, regulation, custom or usage of the State of Utah. Instead, the Complaint centers on actions surrounding the probate of an estate and decisions regarding the establishment of a conservatorship and guardianship. Plaintiffs fail to establish jurisdiction under § 1983.

To the extent Plaintiffs allege illegal activity under RICO, for actions taken pursuant to the rulings of a state court, this court's jurisdiction is barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine[4] bars "'a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kiowa Indian Tribe v. Hoover,* 150 F.3d 1163, 1169 (10th Cir.1998) (quoting *Johnson v. De*

---

[4] The doctrine's name comes from the two Supreme Court cases out of which it arose, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

*Brandy*, 512 U.S. 997, 1005-06 (1994)). Thus, *Rooker–Feldman* bars cases in federal court that are "inextricably intertwined" with a prior state court judgment. *Id.*[5]

In addition, with respect to the numerous individual Defendants, Plaintiffs fail to state a RICO claim against them because they do not allege an "enterprise" distinct form the individual Defendants themselves. *Dopp v. Loring*, 54 F. App'x 296, 297–98 (10th Cir. 2002) (holding that the plaintiff must show that the individual defendants "'were part of an enterprise which had an existence and purpose *distinct from any one of them* to establish [RICO] liability.'") (citation omitted). RICO liability "depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). The court therefore finds jurisdiction cannot be established under RICO.

Other filings by Plaintiffs, such as the First Motion to Compel the Government of the United States of America to Defend the US Constitution .... (ECF No. 38.), allegedly invoke RICO, but fail to establish any claim under RICO. Plaintiffs state:

> It is not a coincidence that the largest group of corrupt Defendants in the history of mankind are proven guilty of Racketeering and Organized Crimes with an associated prison sentence of 1,000 years with a Scripture found in the New Testament which defines the meaning of Fiduciary Duty upon which the Laws of Mankind are based and which comes from The Son of God; "Jesus Christ Himself" which states:
>
> 'No one can serve two masters; for either he will hate the one and love the other, or else he will be loyal to the one and despise the other'
>
> 'You cannot serve God and Mammon.'
>
> MATTHEW 6:24 (ECF No. 38 p. 8.)

---

[5] The *Rooker–Feldman* doctrine applies only when the party against whom the doctrine is invoked was a party to the state court proceeding, which the federal court is being asked in substance to review. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1109 (10th Cir.2000) ("[T]he Rooker–Feldman doctrine should not be applied against non-parties."). The doctrine would clearly apply against Mr. Eliason.

The other pleadings that seek to bring RICO claims are similar. The court has reviewed these allegations and finds them unsubstantiated and without merit. Plaintiffs fail to make any sensible claim under RICO.

In its reply memorandum, The Church Defendants argue for dismissal not only as to them, but to the matter "in its entirety." (ECF No. 45 p. 2.) This position is well taken because Plaintiffs have failed to establish jurisdiction.

### (ii) The Church Defendants' other grounds for dismissal

The Church Defendants further argue that dismissal is warranted because 1) The claims asserted here could have or should have been brought in the State Court action and are therefore barred by res judicata or claim preclusion; and 2) Each and every cause of action fails to state a claim for relief for many reasons. The undersigned has briefly reviewed these arguments and it appears they are equally valid. Because this court concludes it lacks jurisdiction as set forth above though, the court does not address Defendants remaining grounds for dismissal of the Amended Complaint.

### II. Motion to Dismiss filed by Defendant R. David Bishop

Defendant David Bishop seeks an order dismissing the Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The court finds Plaintiffs' Amended Complaint is full of conclusory statements alleging wrong doing without adequate support in the factual allegations. A plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft*, 556 U.S. at 678; *Bell Atlantic*, 550 U.S. at 570. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Here Plaintiffs' Amended Complaint is exactly that. As such, it fails to state a claim upon which relief may be granted.

### III.   Plaintiffs' Motions for Summary Judgment

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Summary judgment's purpose "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The court finds the summary judgment motions filed by Plaintiffs here are misplaced. The court will not consider any motions for summary judgment until there is a well-plead operative complaint that survives any motions to dismiss. In addition, Plaintiffs' motions for summary judgment fail to meet the necessary burden and standards for filing a motion for summary judgment.[6] Accordingly, the undersigned recommends they be denied.

### IV.   In the alternative the court will allow Plaintiffs an opportunity to amend

The court need only accept as true a plaintiff's well-pleaded factual contentions and not their conclusory allegations. *See Dunn v. White*, 88 F.2d 1188, 1197 (10th Cir. 1989). A *pro se* litigant may be given an opportunity to remedy the defects in their pleadings. *See Hall,* 935 F.2d 1106, 1110 n. 3 ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects

---

[6] The movant has the "initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case." *Johnson v. City of Bountiful*, 996 F.Supp. 1100, 1102 (D. Utah 1998). Once the movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element." *Id.*

in their pleadings."); *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("'[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.' 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, Civil 2d § 1483 (West 1990). Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable and are often given a reasonable opportunity to do so.").

For the reasons cited above, the undersigned recommends that this case be dismissed. In the alternative, however, Plaintiffs may file an Amended Complaint that complies with Federal Rule 8 and the pleading requirements set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## RECOMMENDATION

For the reasons set forth above the undersigned **RECOMMENDS** that the Church Defendants Motion to Dismiss be GRANTED. (ECF No. 36.) The court lacks jurisdiction and this case should be dismissed. Defendant David Bishop's Motion to Dismiss be GRANTED or DEEMED MOOT because the court lacks jurisdiction. (ECF No. 30.)

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motions for Summary Judgment be DENIED (ECF No. 34.), (ECF No. 42.), (ECF No. 43.).

**IN THE ALTERNATIVE**, Plaintiffs are given an opportunity to file an Amended Complaint as set forth above within fourteen days of being served with a copy of this Report and Recommendation.

Copies of this report and recommendation are being mailed to all parties who are also hereby notified of their right to object. Within fourteen days after being served with a copy, any

party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30 June 2020.

_____

Dustin B. Pead
United States Magistrate Judge