Ms. Kylie M Eliason, Trustee
Ms. Brittnie L Eliason, Beneficiary
634 Ridge Top Lane
North Salt Lake, Utah 84054
801-949-0080
Britzt.eliason@gmail.com
 Plaintiffs are Self-Represented "Pro Se"

FILED
2026 MAR 30
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Court Address: 351 S. West Temple, SLC Utah 84111

| | |
|---|---|
| **THE ESTATE OF MAX AND JOYCE ELIASON**<br><br>**BRETT L ELIASON, VERONIQUE ELIASON, KYLIE M ELIASON,  AND BRITTNIE L ELIASON**<br><br><br>_____<br>Plaintiff<br><br>v.<br><br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**<br><br>**DALLIN H OAKS**<br><br>**KIRTON MCCONKIE**<br><br><br>**ET AL**<br><br><br>_____<br>Defendant | **MOTION FOR RELIEF FROM JUDGEMENT, TO REOPEN PROCEEDINGS, AND NOTICE OF JUDICIAL MISCONDUCT AND CORRUPTION** _(Fed. R. Civ. P. 60(b) and Independent Action in Equity)_<br><br><br><br><br><br><br><br><br>**Case No.    1:20-cv-00024**<br><br>**Judge:   Robert Shelby**<br><br>**Magistrate: Dustin Pead** |

1

## I. INTRODUCTION

Plaintiff Brett L. Eliason respectfully moves this Court for relief from the prior dismissal of his 2020 federal complaint and for an order reopening proceedings.

This Motion is not grounded in disagreement with a prior adjudication on the merits. Rather, it is grounded in the absence of any such adjudication.

At its core, this case has never been decided, despite years of pleas from the court to compel Defendants to cease all hostilities.

The underlying allegations—concerning fiduciary misconduct, conflicts of interest, and the disappearance and control of estate assets—have never been subjected to discovery, evidentiary hearing, or jury determination. Instead, they have remained unresolved while the consequences to Plaintiff have continued to escalate.

This Motion presents a narrow but critical question:

**Whether a case involving ongoing deprivation of property and unresolved fiduciary authority may remain closed where the merits were never reached, and where the harm continues in real time.**

---

## II. PROCEDURAL HISTORY

On or about March 5, 2020, Plaintiff filed a comprehensive federal complaint asserting claims including breach of fiduciary duty, fraud, and violations implicating federal law.

That complaint was supported by extensive documentation and detailed factual allegations.

However:

- No discovery was permitted;
- No evidentiary hearing was conducted;
- No findings of fact were entered;
- No jury was empaneled;
- No adjudication on the merits occurred.

The case was dismissed with prejudice without requiring Defendants to substantively answer the core allegations.

The central questions raised in that complaint—including authority over trust assets, compliance with governing documents, and conflicts of interest—were never resolved.

# III. CONTINUING AND ESCALATING HARM

This matter is not confined to historical allegations.

The harm is ongoing.

On March 6, 2026, counsel associated with the same underlying entities issued written correspondence accusing Plaintiff of fraud and announcing that all distributions to Plaintiff would be terminated pending investigation.

This action:

- deprived Plaintiff of his primary source of income;
- asserted authority over assets that remains legally disputed;
- imposed economic pressure without prior adjudication of wrongdoing.

The issues raised in 2020 are therefore not only unresolved—they are actively being used to justify present-day deprivation.

## IV. GROUNDS FOR RELIEF

### A. Rule 60(b)(4) – Void Judgment

A judgment is void where it is entered in a manner inconsistent with due process.

Due process requires a meaningful opportunity to be heard on the merits.

Here, the dismissal occurred without:

- evidentiary development;
- factual adjudication;
- resolution of dispositive issues.

Where a litigant's claims are effectively terminated without such opportunity—while the underlying dispute remains active—the judgment cannot stand as a final resolution of rights.

### B. Rule 60(b)(6) – Extraordinary Circumstances

This case presents extraordinary circumstances warranting relief.

For years, Plaintiff has sought:

- basic accounting of estate and trust assets;
- clarification of fiduciary authority;
- adjudication of conflicts of interest.

Those requests have not been resolved.

Instead:

- Plaintiff has been removed from governance roles;
- denied access to records;
- subjected to escalating financial deprivation;
- and accused of misconduct without judicial determination.

The combination of unresolved core issues and ongoing harm constitutes precisely the type of extraordinary circumstance contemplated by Rule 60(b)(6).

## C. Independent Action in Equity

Even where Rule 60(b) relief were deemed insufficient, this Court retains inherent authority to prevent manifest injustice.

The present posture—where allegations of substantial misconduct remain unexamined while Plaintiff continues to suffer harm—falls squarely within that equitable authority.

## V. THE CORE ISSUES WERE NEVER ADJUDICATED

The dispute underlying this case is not complex.

It turns on discrete, verifiable questions:

- Whether governing documents were followed;
- Whether fiduciary duties were honored;
- Whether authority to control assets was lawfully obtained;
- Whether conflicts of interest existed and were disclosed.

As reflected in subsequent filings, including a structured presentation of these issues in related proceedings, these questions can be answered directly through documentary evidence and testimony.

Yet no court has required those answers.

## VI. PATTERN OF NON-ADJUDICATION

The procedural history of this matter reflects a broader pattern.

As documented in the timeline of events spanning from 2013 through the present:

- repeated requests for accounting have gone unanswered;
- multiple actions have been dismissed without reaching the merits;
- filings raising core issues have been avoided rather than adjudicated;
- and the same unresolved questions continue to generate ongoing harm.

This pattern is not one of adverse rulings following adjudication.

It is one of **non-adjudication altogether**.

---

## VII. THIS COURT'S INTERVENTION IS NOW REQUIRED

Courts exist not only to resolve disputes after harm has occurred, but to ensure that power is exercised lawfully while disputes are pending. Here:

- control over assets is being exercised;
- distributions are being withheld;
- accusations of fraud are being asserted;

—all without a judicial determination of the underlying authority to do so. Where the exercise of power precedes adjudication of its legitimacy, the risk of irreparable harm is immediate and ongoing.

---

## VIII. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. **Vacate the prior dismissal** of the 2020 federal action pursuant to Rule 60(b);
2. **Reopen the proceedings** for adjudication on the merits;
3. **Order Defendants to file responsive pleadings** addressing the substantive allegations;
4. **Permit limited discovery** directed to:
   - fiduciary authority;
   - trust and estate accounting;
   - conflicts of interest;
5. **Set this matter for evidentiary hearing** at the earliest practicable date;

and grant such other and further relief as the Court deems just and proper.

## VIII. INCORPORATION OF PRIOR FILINGS (EXHIBIT A)

Plaintiffs incorporate by reference their prior filings, including:

- Related filing made under Judge Laura Scott in the Third District Court on March 30th, 2026
- Timeline and supporting exhibits demonstrating the underlying dispute and ongoing deprivation

These filings collectively establish:

- the existence of unresolved fiduciary issues,
- the continued withholding of financial support, and
- the necessity of judicial intervention.

## IX. CONCLUSION

This case does not ask the Court to decide complex issues prematurely.

It asks the Court to do something far more fundamental:

**to require that the issues be decided at all.**

For years, the central questions have remained unanswered while the consequences have continued to fall entirely on Plaintiff.

That is not adjudication.

That is avoidance.

And it is precisely the circumstance for which Rule 60 exists.

**Respectfully submitted,**

**/s/ Brett L. Eliason**
/s/ Brittnie Eliason
/s/ Kylie M. Eliason

6