IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRETT L. ELIASON, et al.<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-cv-00024-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Plaintiffs' Motion for Relief from Judgment.[1]  Plaintiffs seek relief from the court's order dismissing their claims with prejudice.[2]  For the reasons explained below, the court DENIES the Motion.

## BACKGROUND

Plaintiffs Brett Eliason, Veronique Eliason, Kylie Eliason, and Brittnie Eliason (the Individual Plaintiffs) initiated this action on February 26, 2020,[3] and filed an Amended Complaint two days later.[4]  Plaintiffs asserted 45 causes of actions against over a hundred defendants, alleging Defendants Kirton McConkie (KM) and KM employees had improperly managed the Max and Joyce Eliason estates and defrauded the Eliason family out of millions of dollars.[5]  Defendants filed two motions to dismiss, one by R. David Bishop and another by

---

[1] Dkt. 75, *Motion for Relief from Judgment, to Reopen Proceedings, and Notice of Judicial Misconduct and Corruption (Fed. R. Civ. P. 60(b) and Independent Action in Equity)* (*Motion*).

[2] Dkt. 71, *Order Dismissing Amended Complaint with Prejudice and Closing Case* (*Final Order*).

[3] Dkt. 1, *Complaint and Request for Injunction*.

[4] Dkt. 2, *Complaint and Causes for Action* (*Amended Complaint*).  The Amended Complaint also names the Max D. Eliason Estate and Trust and the Joyce S. Eliason Estate and Trust as plaintiffs.

[5] *See generally id.*

1

Dallin H. Oaks and the Corporation of The Church of Jesus Christ of Latter-day Saints (collectively, the Church Defendants).[6]

On June 30, 2020, Magistrate Judge Pead issued a Report and Recommendation finding the court lacked subject matter jurisdiction over the claims.[7]  The Report determined the court lacked jurisdiction because the parties were not completely diverse and the only federal cause of action—violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)—failed to state a claim upon which relief could be granted.[8]  The Report recommended the case be dismissed for lack of subject matter jurisdiction, or in the alternative, the court provide Plaintiffs the opportunity to file a second amended complaint.[9]  Plaintiffs did not file a second amended complaint, but timely filed an Objection to the Report.[10]

On August 12, 2020, the court issued an order overruling the Objection and adopting the Report's findings in its entirety.[11]  The court reiterated that it lacked subject matter jurisdiction for the action because Plaintiffs failed to plead the required elements of the sole federal claim.[12]  The court dismissed Plaintiffs' the Amended Complaint without prejudice, and allowed Plaintiffs to file a second amended complaint within fourteen days to address the deficiencies.[13]  The court further ordered it would dismiss the case with prejudice and close the case should Plaintiffs fail to file an amended complaint.[14]

---

[6] Dkt. 30, *Defendant R. David Bishop's Motion to Dismiss*; Dkt. 36, *Church Defendants' Motion to Dismiss*.

[7] Dkt. 52, *Report and Recommendation* (*Report*) at 7–11.

[8] *Id.*

[9] *Id.* at 13.

[10] Dkt. 55, *Response and Objection to the Recently Executed Proposed Order* (*Objection*); *Report* (ordering Plaintiff to file any objections within fourteen days).

[11] Dkt. 66, *Order Overruling Objection and Adopting Report Recommendation* (*Initial Order*).

[12] *Id.* at 6–8.  The court also noted there was no diversity jurisdiction.  *Id.* at 6.

[13] *Id.* at 10.

[14] *Id.*

On August 17, 2020, Plaintiff filed a response objecting to the dismissal,[15] but Plaintiffs did not file an amended complaint.[16] On September 4, 2020, the court issued its Final Order dismissing the Amended Complaint with prejudice and closing the case.[17]

More than five years later, on March 30, 2026, Plaintiffs filed the instant Motion seeking to reopen the case.[18] The Motion is fully briefed and ripe for review.[19]

## LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure allows courts to relieve a party from a final judgment or order.[20] Plaintiffs rely on Subsection 60(b)(4) and 60(b)(6).[21] Subsection 60(b)(4) provides for relief when a "the judgment is void."[22] A judgment is void "only in the rare instance where the judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[23] Subsection 60(b)(6) is a catch-all provision that permits relief for "any other reason that justifies"

---

[15] Dkt. 68, *Response and Objection to Any and All Motions to Have This Matter Dismissed* (*Response*).

[16] *See generally Docket*.

[17] *Final Order*. In the intervening years, all Individual Plaintiffs have filed numerous motions in other cases and have been restricted from filing anything without leave of the court. *See* Dkt. 76-1, *Vexatious Litigant Order* at 1–2, *Est. of Max & Joyce Eliason v. The Corp. of the Presidents of the Church of Jesus Christ of Latter Day Saints, et al.*, No. 2:23-cv-785 (D. Utah Jun. 12, 2024), Dkt. No. 114 (designating Brett Eliason a vexatious litigant and requiring court consent for any filings); Dkt. 76-8, *Order Adopting Report and Recommendation to Designate Plaintiff as Restricted Filer* at 2–3, *Eliason v. Cox*, No. 1:24-cv-00148 (D. Utah Nov. 6, 2024), Dkt. No. 43 (designating Veronique Eliason a restricted filer); *Docket Text Order*, *Eliason* v. *Corp. of the President of the Church of Jesus Christ of Latter-day Saints*, No. 1:25-cv-00021 (D. Utah Mar. 30, 2026), Dkt. 81 (unpublished) (imposing filing restrictions on Kylie M. Eliason and Brittnie L. Eliason).

[18] *Motion*.

[19] Dkt. 76, *Memorandum Opposing Plaintiffs' Motion for Relief from Judgment, to Reopen Proceedings, and Notice of Judicial Misconduct and Corruption* (*Opposition*); Dkt. 77, *Plaintiff's Response to Defendants' Memoranda in Opposition to Motion to Reopen and Notice of Judicial Misconduct and Corruption* (*Reply*).

[20] Fed. R. Civ. P. 60(b).

[21] *Motion* at 3–4.

[22] Fed. R. Civ. P. 60(b)(4).

[23] *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)) (citation modified).

it.[24]  Though relief under Rule 60 "should be liberally construed when substantial justice will

thus be served," it "is extraordinary and reserved for exceptional circumstances."[25]  For example,

the Tenth Circuit has "found such extraordinary circumstances to exist when, after entry of

judgment, events not contemplated by the moving party render enforcement of the judgment

inequitable."[26]  Whether to provide relief under Rulee 60 is at the court's discretion.[27]

## ANALYSIS

Plaintiffs seek relief under Rule 60(b)(4) and 60(b)(6).[28]  They argue the Final Order is

void because it is inconsistent with the requirements of due process and the case presents

extraordinary circumstances warranting relief.[29]  Plaintiffs further contend that even if Rule 60 is

inapplicable, the court has independent equitable authority to grant the relief sought.[30]  For the

reasons discussed below, the court rejects Plaintiffs' arguments.

## I.    Timeliness of Motion

As a preliminary matter, Plaintiffs' Motion is untimely.  Rule 60 requires a "motion

under Rule 60(b) [to] be made within a reasonable time."[31]  Determining whether a motion was

filed within a reasonable time is a "a fact-dependent inquiry that requires courts to weigh the

length of the delay against the reasons for the delay, the movant's ability to discover the grounds

---

[24] Fed. R. Civ. P. 60(b)(6); *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) ("We have described Rule 60(b)(6) as a grand reservoir of equitable power to do justice in a particular case.") (internal quotation marks and citation omitted)).

[25] *Johnson v. Spencer*, 950 F.3d at 701.

[26] *See Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996) (citing *Zimmerman v. Quinn*, 744 F.2d 81, 82–83 (10th Cir. 1984) and *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1081 (10th Cir. 1996)) .

[27] *Johnson*, 950 F.3d at 701.

[28] *Motion* at 3–4.

[29] *Id.*

[30] *Id.*

[31] Fed. R. Civ. P. 60(c)(1).

for relief, and the prejudice suffered by the opposing party."[32]  Here, the Final Order was issued

September 4, 2020, and Plaintiffs did not file the Motion until March 30, 2026.[33]  To obtain

relief, Plaintiffs must provide an explanation for the delay.[34]  Plaintiffs filed the Motion over five

and a half years after the court issued the Final Order dismissing the Amended Complaint and

closing the case.[35]  Plaintiffs do not provide any reason for the long delay in seeking relief from

judgment.[36]  Accordingly, the Motion is untimely and must be denied.

## II.    Rule 60(b)(4)

Even if the Motion were timely, relief is not warranted under Rule 60(b)(4).  A judgment

is only void under the Rule 60(b)(4) for a jurisdictional error or a violation of due process.[37]

"Relief for lack of due process is not appropriate in a case in which the district court has not

deprived a party of notice, hearing, or other fundamental constitutional rights."[38]  Plaintiffs argue

the court violated their due process rights by failing to consider the merits of their claims, make a

"factual adjudication," or resolve the "dispositive issues" of the case.[39]  However, a court may

not continue to review a case in the absence of subject matter jurisdiction, even if there remain

other unresolved factual or legal questions.[40]  Here, the court reviewed Plaintiffs' Amended

Complaint, concluded it was deficient, and provided Plaintiffs clear notice that if they did not file

---

[32] *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1217 (10th Cir. 2023).

[33] *Final Order*; *Motion*.

[34] *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005).

[35] *See Motion; Final Order*.

[36] *See generally Motion*; *Reply*.

[37] *Johnson*, 950 F.3d at 694.

[38] *Wilson v. Reid*, 838 Fed. App'x 351, 355 (10th Cir. 2020) (quotation modified).

[39] *Motion* at 3.

[40] *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.").

a newly amended complaint within 14 days, the court would dismiss the case with prejudice.[41]

Plaintiffs failed to do so.[42]  Because Plaintiffs were not denied notice, an opportunity to be heard, or a fundamental constitutional right, they are not entitled to relief under Rule 60(b)(4).

### III.    Rule 60(b)(6)

Relief under Rule 60(b)(6) is also not warranted here.  "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only 'when it offends justice to deny such relief.'"[43] Plaintiffs argue the "combination of unresolved core issues and ongoing harm constitutes precisely the type of extraordinary circumstances contemplated by Rule 60(b)(6)."[44]  The court disagrees.

The court dismissed this action for lack of subject-matter jurisdiction.[45]  The court may not consider any claims, "core issues," or alleged harm without jurisdiction.[46]  The dismissal of a case for lack of subject matter jurisdiction can hardly be called an extraordinary circumstance. In the absence of extraordinary circumstances, the court may not provide relief under Rule 60(b)(6).

### IV.    Independent Equitable Relief

Plaintiffs also assert the court may grant relief independent of Rule 60 pursuant to "inherent authority to prevent manifest justice."[47]  Plaintiffs do not provide any authority identifying standards for applying any such inherent powers—let alone when the court concludes

---

[41] *See Initial Order* at 1.

[42] *See Docket*.

[43] *Zurich*, 426 F.3d at 1293 (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222,1232 (10th Cir. 1999)).

[44] *Motion* at 4.

[45] *Order* at 6–8; *Final Order*.

[46] *Motion* at 4; *Swepi, LP v. Mora Cnty., N.M.*, 81 F. Supp. 3d 1075, 1122 (D.N.M. 2015) (stating a trial court's jurisdiction is "its very power to hear the case") (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[47] *Motion* at 4.

subject matter jurisdiction is lacking.[48]  Regardless, Plaintiffs were afforded the opportunity to cure the deficiencies of their Amended Complaint and nonetheless declined to do so.[49] Accordingly, the court does not observe any manifest injustice requiring relief from judgment.

**CONCLUSION**

For the reasons explained above, the court DENIES the Motion for Relief from Judgment.[50]

SO ORDERED this 18th day of May 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[48] *Id.*

[49] *Order*; *Docket*.

[50] Dkt. 75.